**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED BILAL ISMAIL-YUSUF, | No. 09-70688 |
| Petitioner, | |
| v. | Agency No. A029-541-099 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2013[**]
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and MOLLOY, Senior
District Judge.[***]

Mohammed Bilal Ismail-Yusuf, a native and citizen of India, petitions for

review of a Board of Immigration Appeals ("BIA") order denying his motion to

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Donald W. Molloy, Senior United States District
Judge for the District of Montana, sitting by designation.

reopen. We possess jurisdiction under 8 U.S.C. § 1282 and review for an abuse of discretion. *Ghahremani v. Gonzales*, 498 F.3d 993, 997 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

The BIA acted within its discretion by denying Ismail-Yusuf's motion as untimely because it was filed more than five years after the agency's administrative order of removal became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Ismail-Yusuf failed to establish that an exception to the filing deadline applied, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv); 8 C.F.R. § 1003.2(c)(3), and did not demonstrate the reasonable diligence necessary for equitable tolling of the deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011). The BIA's denial of Ismail-Yusuf's motion to reopen was therefore not arbitrary, irrational, or contrary to law. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

We lack jurisdiction over Ismail-Yusuf's challenges to the underlying merits of his 2003 removal proceeding. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003). We also lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

2